**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DON QUARLES, an individual;** | ) | |
| **on behalf of himself and all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 00-CV-0913-CVE-PJC |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **ex rel. BUREAU OF INDIAN AFFAIRS;** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is Phillips Petroleum Company's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (Dkt. # 128). At the time the motion was filed, plaintiff had filed a putative class action against the United States and various oil company defendants alleging that the oil companies' production activities in Osage County, Oklahoma had contaminated and polluted the land, water, and natural resources of the county. Since then, the plaintiff's claims against the United States have been dismissed, and the plaintiff has withdrawn his motion for class certification. He has advised the Court of his intent to filed a Second Amended Complaint reflecting these developments in the proceedings.

In the motion for judgment on the pleadings, Phillips Petroleum Company ("Phillips") argues that the plaintiff, as a private party, lacks standing to assert claims under the Clean Water Act ("CWA"), the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), and the Oil Pollution Act ("OPA") because plaintiff is not a natural resource "trustee" as defined in those statutes. Plaintiff concedes that he is not a natural resource trustee, but maintains that, nonetheless, he has a claim under the "citizens suit" provisions of the CWA, 33 U.S.C. §

1365(a), and CERCLA, 42 U.S.C. § 9659(a). He also admits that he might not have a claim for monetary damages under the CWA and CERCLA, but asserts that he does have a claim "to the extent provided by law" (presumably for injunctive and declaratory relief). Citing 33 U.S.C. § 2702, he also maintains that the he has standing under the OPA, as a claimant who owns or leases property, to recover damages to real and personal property, natural resources, and loss of profits.

In reply, Phillips essentially emphasizes that its motion is based on the assumption that plaintiff seeks class certification. Phillips argues that plaintiff does not have the right to make citizens suit claims on behalf of a class and, in particular, plaintiff has not shown that his OPA claim is appropriate for class certification. The Court's Order granting plaintiff's motion to withdraw the motion for class certification moots these arguments by Phillips. However, Phillips also argues that, even if plaintiff has a claim under the OPA, he must prove that an injured natural resource is used for "subsistence" purposes. This argument cannot prevail in a motion for judgment on the pleadings because it assumes that plaintiff cannot offer such proof, and it would require the Court to preliminarily weigh potential evidence that the parties might present at trial.

The standard for review of a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as the standard for review of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). See Callery v. U.S. Life Ins. Co. in the City of New York, 392 F.3d 401, 404 (10th Cir. 2004). A motion to dismiss based on Fed. R. Civ. P. 12(b)(6) for failure to state a claim is properly granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Yanaki v. Iomed, Inc., 415 F.3d 1204, 1207 (10th Cir. 2005). When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must accept all the well-pleaded allegations of the

complaint as true and must construe them in the light most favorable to the nonmoving party. E.g., Yanaki, 415 F.3d at 1207. However, the Court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State School for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991)). Dismissal, or judgment on the pleadings, is not warranted based on Phillips' arguments as to plaintiffs' OPA claim.

Accordingly, Phillips' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (Dkt. # 128) is hereby **DENIED**.

**IT IS SO ORDERED** this 13th February, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT