UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DON QUARLES, an individual;** ) | |
| **and QUARLES ACRES, LLC,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 00-CV-0913-CVE-PJC |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **ex rel. BUREAU OF INDIAN AFFAIRS;** ) | |
| **et al.,**[1] ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Plaintiffs' Motion to Reconsider or in the Alternative Motion to Transfer (Dkt. ## 238, 239). Plaintiffs ask the Court to reconsider its Opinion and Order (Dkt # 232) dismissing Count XV of his Second Amended Complaint or, in the alternative, to transfer Count XV to the Osage County District Court.

### I.

Plaintiffs filed a second amended complaint containing 15 counts against various defendants, but specifically named Link Oil Company ("Link") in Count XV only. Link filed a motion to dismiss plaintiffs' second amended complaint for lack of subject matter jurisdiction and to dismiss Count XV as time barred by the statute of limitations. In their response, plaintiffs noted that they intended for Counts VIII - XIV to apply to Link as well. In reply, Link argued that Section 2 of the Osage Allotment Act of 1906, 45 Stat. 1478, 1479 ("Act") and the enacting regulations required plaintiffs to appeal an unfavorable arbitration decision to Osage County District Court or a federal

---

[1] Plaintiffs' claims against the United States have been dismissed and plaintiffs have withdrawn their motion for class certification. For docketing purposes, the caption has been altered only to show the change in plaintiffs.

court of competent jurisdiction within 90 days of the decision.[2] Plaintiffs had previously filed Count XV in state court, but voluntarily dismissed the claim and refiled it as part of this case in federal court. The time from the final decision by the arbitrator to the filing of the complaint in federal court exceeded 90 days. Link argued that Oklahoma's "saving" provision, Okla. Stat. tit. 12, § 100, did not apply because the federal statute contained a statute of limitations which precluded the operation of the saving provision.

The Court agreed, holding that Count XV was untimely and was barred by the 90 day statute of limitations in Section 2. Because Congress provided a federal statute of limitations for a federal claim, Okla. Stat. tit. 12, § 100 could not be used to enlarge the time for filing a claim. Plaintiffs ask the Court to reconsider this decision. They argue that Count XV is a state law claim for damage to land, and the saving provision can be used to extend the time for filing a claim under Section 2. Link responds that federal law creates plaintiffs' right to relief in Count XV and that Okla. Stat. tit. 12, § 100 is inoperable in this case.

## II.

The Court treats plaintiffs' motion to reconsider under Fed.R.Civ.P. 54(b), as the underlying order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir.2003). Plaintiffs' motion suggests the Court should reconsider its Opinion and Order under a de novo standard, because the Court has the discretion to amend interlocutory orders at any time. The Court may, however, call into play the legal standards applicable to a Rule 59(e)

---

[2] Section 2 of the Act states that the "appeal herein authorized shall consist of filing an original action in any court of competent jurisdiction sitting at the county seat of Osage County . . . ." 34 Stat. 539, as amended by Act of March 2, 1929, ch. 493, § 2, 41 Stat. 1249. However, the Act also allows an appeal to be filed in federal court or to be removed to federal court, provided the case is timely filed.

motion to alter or amend judgment. See e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2nd Cir.2003). A motion to reconsider, like a motion to alter or amend judgment should only be granted upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir.2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d at 1186 n.5 (10th Cir.2000).  The Court will exercise its discretion to review plaintiffs' motion under the standards applicable to Rule 59(e) motions.

### III.

Plaintiffs assert that Count XV of the second amended complaint is a state law claim, because federal law creates only the procedure for filing an appeal of an arbitrator's decision. A review of plaintiffs' second amended complaint shows that this claim is expressly based on federal law. The second amended complaint states that "[t]his Count arises under the BIA regulations 25 CFR § 226.20 and other laws . . . ." Dkt. # 182, Second Amended Complaint, at 37. Part 226 creates a mandatory administrative process for resolving claims under Section 2 of the Act, and Count XV is exactly the type of claim that "arises under" Section 2. Quarles v. United States ex rel. Bureau of Indian Affairs, 372 F.3d 1169 (10th Cir. 2004).  Contrary to plaintiffs' assertions, these regulations create a substantive right to relief and make no reference to state law as a basis for a claim under section 226.20. In particular, section 226.20 states:

> (a) Lessee or his authorized representative or geophysical permittee shall pay for all damages to growing crops, any improvements on the lands, and all other surface damages as may be occasioned by operations. Commencement money shall be a credit toward the settlement of the total damages occasioned by the drilling and completion of the well for which it was paid. Such damages shall be paid to the owner of the surface and by him apportioned among the parties interested in the

3

surface, whether as owner, surface lessee, or otherwise, as the parties may mutually agree or as their interests may appear. If lessee or his authorized representative and surface owner are unable to agree concerning damages, the same shall be determined by arbitration.

This section allows a lessor to collect damages for injury to his land caused by drilling operations. Plaintiffs' argument that federal regulations merely create the procedure for adjudicating such claims is without merit, as the federal government has provided a cause of action for redress to injured landowners of Osage land. Count XV does not sound in state law and plaintiffs' argument does not provide a basis for the Court to reconsider it previous order. The Tenth Circuit is clear that, as in this case, "[w]hen Congress has provided a federal statute of limitations for a federal claim . . . state tolling and saving provisions are not applicable." Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991); see also Pipkin v. United States Postal Serv., 951 F.2d 272, 275 (10th Cir. 1991) ("The general rule is that a court looks to state law to define the time limitation applicable to a federal claim only when Congress has failed to provide a statute of limitations for a federal cause of action.").

The 90 day statute of limitations is unambiguous, and the Court will decline plaintiffs' invitation to read an ambiguity into the statute. See 25 C.F.R. § 226.21(f) ("Each party shall have 90 days from the date the decision is served in which to file an action in a court of competent jurisdiction."). The Court has already rejected plaintiffs' argument that Cruse v. Board of County Commissioners of Atoka County, 910 P.2d 998 (1995), requires the Court to apply Okla. Stat. tit. 12, § 100. Therefore, plaintiffs have not raised a valid basis for the Court to reconsider its Opinion and Order dismissing Count XV of the second amended complaint.

**IV.**

Plaintiffs request in the alternative that the Court transfer Count XV to Osage County District Court, but cite no authority that would allow a federal court to transfer a case to a state court. They claim that they will be unable to file this claim in state court, because they will not be permitted to refile the claim against Link for a second time under Okla. Stat. tit. 12, § 100. Although a federal court may transfer a case to another federal court under 28 U.S.C. § 1404(a), there is no parallel provision granting federal courts authority to transfer a case to state court. A case may be removed from state to federal court, but this process is purely statutory and federal courts have no inherent power to accept a transfer from a state court. Little York Gold Washing & Water Co. v. Keyes, 96 U.S. 199, 203 (1877). Plaintiffs cite no authority that would allow the Court to transfer Count XV to state court. Plaintiffs may attempt to refile this claim in state court, but the Court has no authority to transfer the case to state court on their behalf.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Reconsider or in the Alternative Motion to Transfer (Dkt. ## 238, 239 ) is **denied**.

**DATED** this 12th day of September, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT