UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DON QUARLES, an individual; and QUARLES ACRES, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )     Case No. 00-CV-0913-CVE-PJC ) |
| UNITED STATES OF AMERICA, ex rel. BUREAU OF INDIAN AFFAIRS; et al.,[1] | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Now before the Court is Defendants' Motion for Expedited Clarification of Amended Scheduling Order (Dkt. # 302). Defendants request clarification of the Court's order (Dkt. # 297) striking the trial date due to the magistrate judge's ruling extending the discovery cutoff and dispositive motions deadline. Plaintiffs have treated the Court's amended scheduling order as a restart of discovery, but defendants assert that discovery was extended for the sole purpose of allowing them to take four depositions that were delayed due to a discovery dispute.

This case was previously set for trial on March 26, 2007 and the discovery cutoff was November 30, 2006. In October 2006, defendants requested leave of court to take a second deposition of plaintiff Don Quarles and plaintiffs' expert, J. Berton Fisher, and the magistrate judge

---

[1] Plaintiffs' claims against the United States have been dismissed and plaintiffs have withdrawn their motion for class certification. For docketing purposes, the caption has been altered only to show the change in plaintiffs.

granted defendants' motion.[2]  Before the depositions could take place, Fisher submitted a supplemental expert report on November 7, 2006 ("November report"), containing new opinions and approximately 700 pages of previously undisclosed documentation.[3]  Defendants filed a motion to strike the supplemental report pursuant to Fed. R. Civ. P. 26(a)(2).  The magistrate judge granted the motion to strike (Dkt. # 280), because Fisher's report was not supplemental, but was a belated attempt to bolster his opinions against attacks by defendants experts.  The November report contained new opinions and a new basis for Fisher's opinions, and the magistrate judge found that defendants would be prejudiced by the late submission of Fisher's report.  Pursuant to Rule 26(a)(2), the November report was stricken as untimely.

Plaintiff appealed the magistrate judge's order striking Fisher's report (Dkt. # 286) and this appeal is still pending before the Court.  On January 23, 2007, the magistrate judge extended the discovery cutoff for the explicit purpose of allowing defendants to take four depositions that were cancelled due to the dispute over Fisher's report.  Dkt # 296.  He also ruled that dispositive motions and motions in limine would be due on March 16, 2007.  The Court struck the existing trial setting of March 26, 2007 and entered an amended scheduling order, because the responses to dispositive

---

[2]  Defendants also contacted plaintiff to schedule depositions of plaintiffs' second expert witness and plaintiffs' ranch foreman in September 2006.  These two depositions became part of the ongoing discovery disputes and defendants were not able to schedule these depositions before the discovery cutoff.

[3]  Plaintiffs objected to defendants' motion to take a second deposition of Fisher on the basis that Fisher's report was complete and no additional discovery had been conducted since Fisher submitted his report in June 2006.  However, the magistrate judge found that Fisher was actively conducting soil sampling and testing to prepare new opinions.  Dkt. # 280, at 3-4.  At a hearing on November 30, 2006, plaintiffs admitted that Fisher initiated new soil testing after reviewing the reports of defendants' experts to respond to attacks on his opinions.

2

motions and motions in limine would be due after the trial started. Plaintiffs' counsel believes that the amended scheduling order vacated the magistrate judge's order striking Fisher's report and restarted discovery. Plaintiffs' counsel also claims that the Court overruled the magistrate judge's order extending discovery by entering a new scheduling order, and plaintiffs have requested to take depositions of defendants' corporate representatives.

The Court has reviewed the magistrate judge's order extending the discovery cutoff, and finds that the magistrate judge could not have been more explicit. His order clearly states that "[d]iscovery [is] extended to 2-16-07 for the taking of the 4 depos only." In the Court's amended scheduling order, the Court used the extended discovery cutoff and motions deadlines set by the magistrate judge, and there was no basis for any party to assume that the magistrate judge's orders had been implicitly overruled. The Court amended the scheduling order to accommodate the new motions deadlines, so the parties could have time to respond to dispositive motions and motions in limine. This would also give the Court sufficient time to rule on the parties' motions before trial. Plaintiffs appeal of the magistrate judge's order striking Fisher's November report is still pending, and has not been rendered moot by the Court's amended scheduling order. Fisher's November report will be considered stricken unless the Court reverses the magistrate judge's order.

All parties should abide by the amended scheduling order and are advised to more carefully read the Court's orders. The Court has reviewed its orders and those of the magistrate judge and has found no basis for any confusion.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Expedited Clarification of Amended Scheduling Order (Dkt. # 302) is **granted**. The magistrate judge's order (Dkt. # 296) is binding on the parties and plaintiff's appeal of the magistrate judge's order striking Fisher's November report (Dkt. # 286) is still pending. Neither party may conduct additional discovery without authorization from the Court.

**DATED** this 30th day of January, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT