**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DON QUARLES, an individual, and ) <br> QUARLES ACRES, LLC, an Oklahoma ) <br> corporation, ) <br> ) <br> Plaintiffs, ) <br> ) Case No. 00-CV-913-GKF-PJC <br> vs. ) <br> ) <br> LITTLE RIVER ENERGY CO., YARHOLA ) <br> PROD. CO., and SPESS OIL CO., INC., ) <br> ) <br> Defendants. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter was tried before the Court and a jury on November 19, 20, 21, 26, 27, and 28, 2007. The jury rendered verdicts in favor of plaintiffs and against defendants on plaintiffs' claims at law. The Court directed the parties to file proposed findings of fact and conclusions of law with respect to plaintiffs' equitable claim of unjust enrichment. The Court hereby enters the following Findings of Fact and Conclusions of Law on the equitable claim.

I.     FINDINGS OF FACT

1.     Plaintiffs are Donald Quarles, a resident of the state of Florida, and Quarles Acres, LLC, an Oklahoma corporation.

2.     Defendants are Yarhola Production Co., Little River Energy Co., and Spess Oil Co., Inc., each of which is an Oklahoma corporation.

3.     Plaintiff Donald Quarles owns certain real estate in Osage County, Oklahoma.

4.     Defendants Yarhola Production Co., Little River Energy Co., and Spess Oil Co., Inc. are current or past leaseholders of oil and gas leases on Quarles' property in Osage County, Oklahoma.

5. At the trial, the plaintiffs sought damages at law against each defendant for negligence, trespass, and nuisance. The plaintiffs claimed that the defendants unlawfully released, disposed and/or discharged, oil or other hazardous substances onto the Quarles' property, that defendants failed to abate or prevent releases of saltwater and deleterious substances causing salt scarring and erosion, and that the defendants' tank batteries, lines and/or wells are or were operated, maintained, abandoned, or plugged in a manner that caused pollution to the surface of the Quarles' property.

6. The jury awarded the plaintiffs actual damages against defendant Little River Energy Co. in the amount of $15,000.00; against defendant Yarhola Production Co. in the amount of $15,000.00, and against defendant Spess Oil Co., Inc. in the amount of $100,000.00. The jury awarded punitive damages against Spess Oil Co., Inc. in the amount of $67,500.00.

7. Plaintiffs have received an adequate remedy at law through their negligence, trespass, and nuisance claims.

8. Plaintiffs have failed to show that the total enrichment received by defendants exceeds the amounts awarded by the jury on plaintiffs' legal claims.

II. CONCLUSIONS OF LAW

1. The term "unjust enrichment" describes a condition resulting from the failure of a party to make restitution in circumstances where it is inequitable. It is a recognized ground for recovery in Oklahoma. A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. *Lapkin v. Garland Bloodworth,*

*Inc.*, 2001 OK CIV APP 29, ¶ 7, 23 P.3d 958, 961. *See also Tillman v. Camelot Music, Inc.*, 408 F.3d 1300, 1309 (10th Cir. 2005).

    2.    The elements of unjust enrichment are:

    a.    an enrichment to the adverse party;
    b.    an impoverishment to the claimant;
    c.    a connection between the enrichment and impoverishment;
    d.    an absence of justification; and
    e.    an absence of remedies at law.

*See Dollar Rent-A-Car Systems, Inc. v. P.R.P. Enterprises, Inc.*, No. 01-CV-698-JHP-FHM, 2006 WL 1266515, at *27 (N. D. Okla. May 8, 2006).

    3.    Where the plaintiff has an adequate remedy at law, the court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment. *Harvell v. Goodyear Tire & Rubber Co.*, 2006 OK 24, ¶ 18, 164 P.3d 1028, 1035. *See also Tillman*, 408 F.3d at 1309; *Lewis v. Wal-Mart Stores, Inc.*, No. 02-CV-0944-CVE-FHM, 2005 WL 3263377, at *21 (N.D. Okla. Dec. 1, 2005).

    4.    A suit in equity will not lie where the plaintiff has a plain, adequate and complete remedy at law. But the remedy must be complete, practical and efficient. *Missouri-Kansas-Texas R. Co. v. Williamson*, 36 F. Supp. 607, 610 (W.D. Okla. 1941). In this case, the verdicts awarded by the jury were adequate, complete, practical and efficient.

    5.    This Court hereby declines to exercise its equitable jurisdiction, as plaintiffs have an adequate remedy at law. Defendants are entitled to judgment on plaintiffs' claim of unjust enrichment.

A separate judgment will be entered contemporaneously herewith.

IT IS SO ORDERED this 18th day of January 2008.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma